J-A02037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  : IN THE SUPERIOR COURT OF
                                                :             PENNSYLVANIA
                                                  :
            v.                         :
                                                  :
                                                  :
ALLEN DONALD BORN                 :
                                                  :
           Appellant                 :       No. 30 WDA 2022

Appeal from the Judgment of Sentence Entered December 1, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005815-2020

BEFORE:   BOWES, J., MURRAY, J., and PELLEGRINI, J.[*]

CONCURRING MEMORANDUM BY BOWES, J.:      **FILED: August 25, 2023**

I agree that Appellant's judgment of sentence is properly affirmed.  I write separately on two grounds.

First, I disagree with the Majority's reliance upon Pa.R.A.P. 302(a) to conclude that, because Appellant did not appeal the PCRA court's 2017 order that purported to require Appellant to register in accordance with then-defunct Megan's Law II, "Appellant waived any challenge to the legality of that sentence."  Majority Memorandum at 7 n.5.  Aside from the fact that a direct appeal is not the only means to challenge the legality of a sentence or a duty

---

[*] Retired Senior Judge assigned to the Superior Court.

to register as a sexual offender,[1] Rule 302(a) has no bearing on an appeal from a different order in a wholly separate case. If Appellant is precluded from challenging the 2017 order that was entered in the underlying indecent assault case, it is pursuant to *res judicata* or collateral estoppel, not through application of Rule 302(a) in this separate matter involving a different crime.

Second, I find the question of the propriety of the PCRA court's 2017 mandate that Appellant continue registering in the absence of a statute requiring it to be irrelevant in the case before us. If Appellant's conviction had been based upon failing to comply with the PCRA court's order, the legitimacy of that order and the impact of Appellant's failure to appeal would be germane. However, Appellant actually **did** comply with that order for years. His conviction in this case is instead pursuant to 18 Pa.C.S. § 4915.2 based upon his failure to abide by the registration requirements of the subsequently-enacted Subchapter I which mandated his registration in 2019 and 2020.

Section 4915.2 provides, in pertinent part, as follows:

**(a) Offense defined**.- An individual who is subject to registration under 42 Pa.C.S. 9799.55(a), (a.1) or (b) (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) commits an offense if the individual knowingly fails to:

---

[1] *See*, *e.g.*, *Commonwealth v. McIntyre*, 232 A.3d 609, 617 (Pa. 2020) (observing that claims involving the legality of a sentence are cognizable under the PCRA); *Commonwealth v. Lacombe*, 234 A.3d 602, 618 (Pa. 2020) (concluding that there is no exclusive procedural mechanism for challenging the obligation to register as a sexual offender).

(1) register with the Pennsylvania State Police as required under § 9799.56 (relating to registration procedures and applicability);

. . . .

**(f) Applicability**.--This section applies to:

(1) An individual who committed an offense set forth in 42 Pa.C.S. § 9799.55 on or after April 22, 1996, but before December 20, 2012, **and whose period of registration under 42 Pa.C.S. § 9799.55 has not expired**.

(2) An individual who was required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, **whose period of registration has not expired**.

18 Pa.C.S. § 4915.2 (emphases added). The Commonwealth maintained that Appellant had a duty to comply with Subchapter I's ten-year registration requirement outlined in 42 Pa.C.S. § 9799.55(a)(1)(i)(A) and (B). Section 9799.55(a) imposes a registration "period of [ten] years" upon, *inter alia*:

(1)(i)(A) Individuals convicted within this Commonwealth of any of the following offenses committed on or after April 22, 1996, but before December 20, 2012:

. . . .

18 Pa.C.S. § 3126 (relating to indecent assault) where the offense is graded as a misdemeanor of the first degree or higher.[2]

. . . .

---

[2] The § 3126(a)(7) offense is graded as either a first-degree misdemeanor or a third-degree felony. **See** 18 Pa.C.S. § 3126(b)(3).

> (B) Individuals convicted within this Commonwealth of an offense set forth in clause (A) who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, **whose period of registration has not expired**.

42 Pa.C.S. § 9799.55(a)(1)(i)(A), (B) (emphasis added). In defining the scope and applicability of Subchapter I, §§ 9799.52 and 9799.54 of SORNA II also reference individuals who committed sexual offenses and/or were required to register between the applicability of Megan's Law I and SORNA I whose "period of registration" had not expired as of SORNA II's enactment. *See* 42 Pa.C.S. §§ 9799.52(1), (2); 9799.54 (a)(1).

Hence, the salient question in this appeal is the meaning of the terms "period or registration" and "expired" as used in Subchapter I. This poses a question of statutory interpretation. As such, the following principles pertain. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The plain language of the statute is the best indicator of the legislature's intent. To ascertain the plain meaning, this Court must consider the operative statutory language in context and give words and phrases their common and approved usage." *Commonwealth v. Chesapeake Energy Corp.*, 247 A.3d 934, 942 (Pa. 2021).

This Court must give effect and ascribe meaning to each word and provision chosen by our legislature and assume that none is mere surplusage. *See*, *e.g.*, *Commonwealth v. McClelland*, 233 A.3d 717, 734 (Pa. 2020)

("Some meaning must be ascribed to every word in a statute . . . and there is a presumption that disfavors interpreting language as mere surplusage."); 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions."). Statutes or portions thereof which relate to the same subjects are in *pari materia* and "shall be construed together, as possible, as one statute." 1 Pa.C.S. § 1932(b). Further, "we are to assume that the General Assembly does not intend an absurd result to flow from the construction of any statute." ***Commonwealth v. Shiffler***, 879 A.2d 185, 194 (Pa. 2005).

Provisions of the Crimes Code must "be construed according to the fair import of their terms[,] but when the language is susceptible of differing constructions[,] it shall be interpreted to further the general purposes stated in [Title 18] and the special purposes of the particular provision involved." 18 Pa.C.S. § 105. However, "[u]nder the rule of lenity, penal statutes are to be strictly construed, with ambiguities resolved in favor of the accused." ***Commonwealth v. Coleman***, 285 A.3d 599, 612 (Pa. 2022) (internal quotation marks omitted).

Appellant argues that "his period of registration expired when the PCRA court ruled that SORNA [I] did not apply to him[.]" Appellant's brief at 4. Specifically, relying upon ***Commonwealth v. Derhammer***, 173 A.3d 723 (Pa. 2017), and ***Commonwealth v. Nieman***, 84 A.3d 603 (Pa. 2013), Appellant contends that he was not subject to the Subchapter I registration

requirement after the PCRA court ruled that SORNA I did not apply to him and because he was never subject to registration under Megan's Law II, which had been repealed and replaced by SORNA I in 2012, long before the PCRA court's 2017 order. *See* Appellant's brief at 16. He phrases this assertion as follows:

> When [the PCRA court] ruled that [Appellant] could not be required to register under SORNA [I] due to constitutional issues, it could not then require [Appellant] to register under Megan's Law II as that law had expired years prior to the commission of [his] offense and conviction. Therefore, at that time, [Appellant's] registration requirements expired.

Appellant's brief at 17.

In other words, Appellant equates "period of registration" with "duty to register," and suggests that, because he had no active duty to register when SORNA II was passed, § 9799.55 of Subchapter I imposed no new duty to register upon him. Appellant implies that, since he was not subject to registration under § 9799.55, his conviction and sentence cannot stand, because the statute that he supposedly violated, namely § 4915.2, did not apply to him by its own terms. *See* 18 Pa.C.S. § 4915(a)(1) (defining the offense as pertaining to "[a]n individual who is subject to registration under 42 Pa.C.S. § 9799.55(a), (a.1) or (b)")[3] and (f) (providing in pertinent part that § 4915.2 applies to individuals who committed enumerated offenses or

---

[3] 18 Pa.C.S. § 4915.2(a)(1) also references individuals who were "subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years)." However, as that statute was repealed in 2000, Appellant was not subject to its requirements based upon his 2011 conviction.

were subject to registration under a prior law "whose period of registration has not expired").[4]

My application of the rules of construction outlined above reveals Appellant's position to be unsound. I begin with the plain meaning of the terms "period of registration" and "expire." Expire, an intransitive verb in this context, is defined as follows in pertinent part: "1. (Of an official document) to be no longer legally effective; to become null at a time fixed beforehand. 2. (Of a period of time during which someone holds a position of authority) to come to an end." EXPIRE, Black's Law Dictionary (11th ed. 2019) (sample usages omitted).

Black's offers no definition of "period" or "period of registration," but from other defined terms, the meaning of that phrase is discernable as "the specified time span for registration." *See*, *e.g.*, ACCOUNTING PERIOD, Black's Law Dictionary (11th ed. 2019) ("A regular span of time used for accounting purposes; esp., a period used by a taxpayer in determining income and related tax liability."); *id*. at CONTRACTUAL LIMITATION PERIOD ("The contractually specified span of time within which any breach-of-contract lawsuit must be commenced, beginning when the breach occurs."); *id*. at

---

[4] Subsection (f) further includes a provision not pertinent here specifying that § 4915.2 will apply to individuals who committed an offense subject to Subchapter H registration before SORNA II was enacted should a future judicial determination invalidate the retroactive application of Subchapter H to that individual. *See* 18 Pa.C.S. § 4915.2(f)(3).

NOTICE-AND-COMMENT PERIOD ("The statutory time frame during which an administrative agency publishes a proposed regulation and receives public comment on the regulation. The regulation cannot take effect until after this period expires." (cleaned up)); *id*. at STATUTORY PERIOD ("A time limit specified in a statute; esp., the period prescribed in the relevant statute of limitations.").

The notion that a "period of registration" indicates a pre-set temporal length is confirmed by the usage of the term in various portions of Subchapter I. For example, the applicability provision of the subchapter states as follows:

> **(a) Registration.--**The following individuals shall register with the Pennsylvania State Police as provided in this subchapter:
>
> (1) An individual who committed a sexually violent offense within this Commonwealth and whose period of registration with the Pennsylvania State Police, as specified in section 9799.55 (relating to registration), as of February 21, 2018, has not expired. The individual shall register for **the period of time under section 9799.55 less any credit for time spent registered with the Pennsylvania State Police prior to February 21, 2018**.

42 Pa.C.S. § 9799.54(a) (emphasis added). The "initial" registration pursuant to Subchapter I had to occur within ninety days of February 21, 2018. 42 Pa.C.S. § 9799.54(b). Individuals subject to Subsection I by virtue of being an inmate or otherwise under supervision for committing a sexually violent offense at the time of SORNA II's passage also must register "for **the period of time under section 9799.55**, except that **the period required in** [**§**] **9799.55** shall be tolled for any **period of time** the individual is

recommitted for a parole violation or sentenced to a term of imprisonment." 42 Pa.C.S. § 9799.54(a)(3) (emphases added). As highlighted above, subsection (a) of § 9799.55 speaks of a registration "**period of** [**ten**] **years**" for offenses enumerated therein, while subsection (b) lists offenses giving rise to lifetime registration.

Based upon the above, I reject Appellant's argument that, with the use of the phrase "whose period of registration has not expired" in identifying individuals to whom § 4915.2 applies, our legislature meant to include only individuals who had an extant registration obligation at the time SORNA II was enacted. If he were correct, then § 9799.55(a)(1)(i)(B), which imposes a ten-year period of registration upon individuals convicted of an enumerated offense "who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired," would be rendered mere surplusage. Since SORNA I had provided for the expiration of all prior sexual offender registration laws and *Muniz* invalidated the registration requirements under SORNA I for individuals whose offenses predated its enactment, Appellant's interpretation would mean that the "period of registration" of every pre-SORNA II offender had "expired" before SORNA II took effect. I cannot interpret the statute to give § 9799.55(a)(1)(i)(B) no effect.

Rather, I conclude that an individual "whose period of registration has not expired," as that phrase is used in § 4915.2(f)(1)-(2) and Subchapter I, is a person who has not yet registered for the full duration of the time-span established either by the former sexual offender law that gave rise to the person's initial registration obligation or by Subchapter I itself. Stated differently, an individual "whose period of registration has not expired" is one whose registration had not already become null due to the passage of time.

Applying this construction to the case *sub judice*, I initially observe that it is undisputed that Appellant's 2011 indecent assault of a person less than thirteen years of age gave rise to his conviction of an offense enumerated in § 9799.55(a)(1)(i)(A) as one requiring him to register "for a period of [ten] years." Further, there is no question that Appellant had not yet registered for a full ten years prior to SORNA II's enactment in 2018. Therefore, the criminal statute for failing to register codified at 18 Pa.C.S. § 4915.2 applied to Appellant as "[a]n individual who committed an offense set forth in 42 Pa.C.S. § 9799.55 on or after April 22, 1996, but before December 20, 2012, and whose period of registration under 42 Pa.C.S. § 9799.55 has not expired." 18 Pa.C.S. § 4915.2(f)(1). Likewise, since Appellant was required to register for ten years pursuant to "a former sexual offender registration law of this Commonwealth" and that registration time span had not been completed when

SORNA II took effect, subsection (f)(2) confirms the applicability of § 4915.2 to Appellant.[5]

In sum, while Appellant's **duty to register** may have paused during the time between the PCRA court's 2017 order extinguishing the original duty and § 9799.55(a)'s reimposition of a registration duty in 2018, his ten-year **period of registration** had not been exhausted such that it had "expired."  For that reason, I agree that the trial court properly denied Appellant's motion to dismiss upon correctly discerning that "[Appellant's] obligation to register did not expire when the statutory scheme changed, but, rather, upon the expiration of the [ten-year] registration period imposed upon him at the time of sentencing."  Trial Court Opinion, 3/1/22, at 6.

Therefore, I respectfully concur.

---

[5]  While Appellant falls under both these subsections, I note that they are not coextensive, and thus our interpretation does not violate the rule against creating surplusage.  Specifically, subsection (f)(1) concerns the time during which the offense was committed irrespective of the existence of a conviction or duty to register prior to SORNA I's enactment in 2012.  Hence, someone who is convicted in 2023 of an offense enumerated in 42 Pa.C.S. § 9799.55 is subject to Subchapter I registration if the offense was committed between the pertinent dates in 1996 and 2012.  Presumably this is because Subchapter H cannot apply to those individuals retroactively pursuant to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017).  Further, subsection (f)(2) would render § 4915.2 applicable to individuals who were required to register under a former law for offenses not enumerated in § 9799.55.